## Case No. 16,591.

UNITED STATES v. TWO TRUNKS.

[6 Ben. 218.] [1]

District Court, S. D. New York. Nov., 1872.

FORFEITURE — GOODS CONCEALED ON BOARD OF A VESSEL—SEIZURE BY INSPECTOR.

1. On the arrival of a steamer at New York from France, two inspectors of customs were on board after all the passengers and their baggage had been landed. From some remarks which excited suspicion, they went to a state room which was locked, and in which was the barber of the vessel. Under a berth in the room they found two trunks containing fringes, braid, &c., without any articles of personal baggage. The trunks were marked with the name of the purser of the ship, but without his authority or knowledge. They were claimed by a man who occupied the room, and who had come in the ship, giving his services as second steward for his passage, receiving no wages and not being entered on the crew list. He had no invoice of them. He had made no declaration of their contents as dutiable, and they were not entered on the manifest of the ship. The inspectors seized the trunks. A libel was filed to forfeit the trunks and their contents, alleging a seizure by the collector. It was argued in defence, that the trunks were not concealed, and that the seizure was not made by the collector: Held, that, under the 68th section of the act of March 2, 1799 (1 Stat. 677), goods, subject to duty, found concealed on board of a vessel, are subject to forfeiture, and all that the government is bound to show, to make out a prima facie case for forfeiture, is that the goods were subject to duty, were searched for, were found concealed, and were seized by a proper officer.

2. The contents of these trunks were found concealed.

3. Under the 2d section of the act of July 18, 1866 (14 Stat. 178), the inspectors were authorized to seize them, and the libel might be amended accordingly.

H. E. Davies, Jr., Asst. U. S. Dist. Atty.

W. Stanley, for claimant.

BLATCHFORD, District Judge. The libel of information, in this case, proceeds against certain property as having been seized by the collector of the port of New York, on the 21st of November, 1871, on board of the steamer Ville de Paris, and as being forfeited

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

to the United States for a violation of sundry sections of sundry statutes, and, among them, the 68th section of the act of March 2, 1799 (1 Stat. 677). That section provides, that every collector, or other person specially appointed by him for that purpose, shall have full power and authority to enter any ship or vessel in which they shall have reason to suspect any goods subject to duty are concealed, and therein to search for, seize and secure any such goods, and that all such goods on which the duties shall not have been paid or secured to be paid shall be forfeited. There is a count in the libel, alleging that the said collector, having reason to suspect that goods subject to duty were concealed in the said vessel, did, on the said day, enter the said vessel. and therein search for, seize and secure the goods named in the information, which were therein concealed, and on which the duties had not been paid, or secured to be paid, contrary to the said 68th section.

Firmin Serenne, who claims to be the owner of the goods in question, came as a passenger in the ship, with the goods. The goods were not entered on the manifest of the vessel, and were not contained in cases. but were in trunks. Serenne had previously been steward on the Lafayette, a vessel of the same line, plying between New York and Havre, in France. On this occasion he gave his services as second steward on the voyage, as compensation for his passage, receiving no wages, and not being entered on the crew list. The trunks in question were not marked with his own name. but were marked, one if not both of them, with the name and title of office, in French, of the purser of the vessel. On the day in question. after all the baggage of the passengers had been landed from the vessel, she being alongside of her wharf at pier 50, North river, two inspectors of the customs were on board of the vessel. Hearing some remarks which excited their suspicions, they obtained access to one of the state rooms, which was locked on the inside, and within which at the time was the barber of the vessel, whether with the claimant or not does not distinctly appear. The trunks in question were found under a berth in this state room. it being the state room occupied by the claimant. The claimant had no invoice of the goods in the trunks. After one of the trunks, one which had on it the name of the purser. had been discovered, an effort was made by the barber, in the absence of the officers, to erase the name of the purser. One of the inspectors seized the trunks and took them to the custom-house, with their contents. There was no wearing apparel, or articles constituting the contents of a passenger's baggage in either one of the trunks that were seized. The trunks were not marked with the purser's name by the authority or direction of the purser. and he never saw or heard of the trunks until they were seized.

The 68th section of the act necessarily implies, that goods subject to duty, found concealed on board of a vessel, may be in a condition to be subject to forfeiture, if the duties on them have not been paid or secured to be paid, even though they are seized while still on board of the vessel. Ordinarily, the duties on goods are not necessarily expected to be paid or secured to be paid while the goods remain on board of the vessel. But, where they are found concealed on board of the vessel, and the duties on them have not been paid or secured to be paid, the presumption arises, under the statute, that an intention exists to defraud the government out of the duties. The seizing and securing of the goods for trial is authorized, if, when searched for, they are found concealed. All that the government is bound to show to make out a prima facie case for forfeiture, is to show, that the goods were subject to duty, were searched for, were found concealed, and were seized by a proper officer. It is then for the claimant to show that the duties were paid or secured to be paid.

In the present case. the goods were subject to duty, were searched for, were found and were seized. It is contended by the claimant that they were not concealed. The libel of information alleges the seizure of "two trunks, containing fringe, buttons and braids," and it is contended that there was no concealment of the trunks, they being in a passenger's state room, under a berth, in a usual place for putting trunks; and that the fact, that the goods were in trunks, shows no concealment of them, inasmuch as goods are generally brought in trunks, boxes or envelopes of some kind. But, the libel proceeds against all the property seized, as well the contents of the trunks. as the trunks themselves. It cannot be regarded as a libel only against the trunks. The contents of trunks may be concealed, and yet the trunks themselves not be concealed.

On all the facts in this case, I cannot doubt that the contents of the trunks were found concealed, within the meaning of the statute. It is not shown that the duties on them were paid, or secured to be paid. The false marking of the trunks, the fact that they were not on the manifest of the vessel, the fact that they were not landed with the baggage, the fact that no declaration had been made of their contents as dutiable, the fact that no articles of personal baggage were in the trunks, and, in connection with that, the fact that the claimant had no invoice of the goods. and, in fact, all the circumstances attending the transaction, indicate a concealment of the goods, in such wise as to show an intention to avoid, if possible, the payment of duties on them. and a concealment, within the act.

It is also urged that the 68th section of the act of 1799 forfeits the concealed goods only when they have been seized by a collector, naval officer, or surveyor, or by some person specially appointed by one of them for that purpose; and that. in this case, although the libel alleges a search and seizure by the col-

lector, the evidence shows a search and seizure by an inspector of customs. But, the 2d section of the act of July 18, 1866 (14 Stat. 178), provides, that an inspector of customs may go on board of any vessel, and inspect, search, and examine the same, and any person, trunk, or envelope on board, and, if it shall appear that any breach or violation of the laws of the United States has been committed, whereby, or in consequence of which, such vessel, or the goods, or any part thereof, on board of such vessel, is or are liable to forfeiture, may make seizure of the same, or either or any part thereof. In this case the goods were liable to forfeiture, under the 68th section of the act of 1799, because, the duties on them not having been paid, or secured to be paid, they were concealed on board of the vessel, and were found so concealed. There can be no doubt, that a seizure, under the 2d section of the act of 1866, by an inspector of customs, of goods concealed on board of a vessel, under the circumstances named in the 68th section of the act of 1799, is a valid seizure.

A decree must be entered condemning the goods seized other than the trunks, under the 68th section of the act of 1799. As to the trunks, there is nothing to show that they were subject to duty. The libel may be amended, before decree, to aver truly by whom the seizure was made.